[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16300
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00081-WKW-WC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROKENBERT CALVIN MARTIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 11, 2013)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Rokenbert Calvin Martin appeals his total 87-month sentence after pleading guilty to one count of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, one count of aiding and abetting mail fraud in violation of 18 U.SC. §§ 1341 and 2, one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and one count of possession of a stolen motor vehicle in violation of 18 U.S.C. § 2313(a). On appeal, Martin argues that: (1) the district court erred in failing to reduce his sentence for acceptance of responsibility; (2) the district court erred in failing to address pending objections to the Presentence Investigation Report ("PSI"); (3) the district court plainly erred in its determination of the amount of intended loss; (4) the district court plainly erred in its application of a sophisticated means enhancement; and (5) his counsel was ineffective at the sentencing hearing. The government filed a motion for partial dismissal of Martin's appeal, arguing that a sentence appeal waiver barred Martin's first two claims. After thorough review, we grant the government's motion for partial dismissal, affirm in part, and dismiss in part.

We review the validity of a sentence appeal waiver de novo. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008). When an objection is not timely made in the district court, we review for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). In order to establish plain error: (1) there must be error (2) that is plain and (3) affects substantial rights. Id. If all three

2

conditions are met, then we may exercise our discretion to correct an error if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

First, we agree with the government that the sentence appeal waiver in Martin's plea agreement bars his challenges to the district court's denial of the acceptance of responsibility reduction and to its treatment of his objections to the PSI. A sentence appeal waiver made knowingly and voluntarily will be enforced. United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993). To establish that it was made knowingly and voluntarily, the government must show either that (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver. Id. "An appeal waiver includes the waiver of the right to appeal difficult or debatable legal issues or even blatant error." United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir. 2005).

Here, the sentence appeal waiver provided that "the defendant knowingly and voluntarily waives any and all of his rights under 18 U.S.C. § 3742 to appeal the sentence . . . . [and] further expressly waives his right to appeal the conviction and sentence on any other ground, including any challenge to the reasonableness of the sentence, and waives the right to attack the sentence in any post-conviction proceeding." Martin argues that the government did not uphold its end of the plea

3

agreement concerning the acceptance of responsibility reduction, but instead of challenging the validity of the plea agreement, he argues that the sentence appeal waiver should not be enforced to bar this claim. However, because Martin's sentence appeal waiver was made knowingly and voluntarily, it is enforceable. Bushert, 997 F.2d at 1351. Furthermore, neither the district court's denial of a reduction for acceptance of responsibility nor the district court's failure to address objections to the PSI fall within any of the exceptions to the sentence appeal waiver. We therefore grant the government's motion for partial dismissal of the appeal, and dismiss Martin's first two claims.

Next, we reject Martin's claims concerning the intended loss amount and the sophisticated means enhancement. The Guidelines do not require the district court to make a precise fraud loss determination, but only require it to make a reasonable estimate of the loss, given the available information. United States v. Barrington, 648 F.3d 1178, 1197 (11th Cir. 2011), cert. denied, 132 S.Ct. 1066 (2012). The loss calculation must be supported with reliable and specific evidence. United States v. Munoz, 430 F.3d 1357, 1370 (11th Cir. 2005). According to the Guidelines Commentary, "loss" is the greater of "actual loss" or "intended loss." U.S.S.G. § 2B1.1, comment. n.3(A); United States v. Bradley, 644 F.3d 1213, 1289 (11th Cir. 2011). "Intended loss" is the "pecuniary harm that was intended to result from the offense," even if impossible or unlikely to occur. U.S.S.G. §

4

2B1.1, comment. n.3(A)(ii); Bradley, 644 F.3d at 1289.  A defendant's intent must often be inferred from circumstantial evidence.  United States v. Willis, 560 F.3d 1246, 1250 (11th Cir. 2009).

Section 2B1.1(b)(10)(C) of the Sentencing Guidelines provides a two-level enhancement if the offense involved "sophisticated means."  U.S.S.G. § 2B1.1(b)(10)(C).  The commentary defines "sophisticated means" as "especially complex or especially intricate offense conduct" that pertains to executing or concealing the offense.  Id. § 2B1.1(b), comment. (n. 9(B)).  Each of a defendant's individual actions need not be sophisticated to impose the § 2B1.1(b)(10)(C) enhancement, provided that the totality of the scheme was sophisticated.  United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010).

Because Martin failed to object at the sentencing hearing to the intended loss amount and the sophisticated means enhancement, we evaluate these issues for plain error, and find none.  As for Martin's argument that the total value of the intended loss is incorrect, there is no reversible error because even if Martin is correct, the alleged error that he cites benefits him, and therefore, does not affect his substantial rights.  Rodriguez, 398 F.3d at 1298.  As for Martin's arguments that the values for specific vehicles should not have been included in the lost determination, the evidence shows that Martin intended pecuniary harm through his conduct in connection with each of the vehicles, and the values used in the

determination were a reasonable estimate of the intended loss.  Finally, as for his argument concerning sophisticated means, the record shows that Martin's scheme was complicated in nature, included many steps, and involved significant steps taken to cloak fraudulent conduct in seemingly legitimate activities.  Accordingly, we find no plain error concerning these issues and affirm.

We also reject his ineffective assistance of counsel claim.  Generally, we will not review a claim of ineffective assistance of counsel raised on direct appeal where the district court neither addressed that claim nor developed a factual record. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002); see also Massaro v. United States, 538 U.S. 500, 504-05 (2003) (noting that it is usually preferable to address ineffective assistance of counsel claims on collateral review rather than on direct appeal).  Here, Martin did not raise an ineffective assistance claim before the district court and the record is not sufficiently developed for consideration of this issue on appeal.  In particular, the record provides no indication as to the reasons that counsel made the decisions that she did.  Accordingly, we dismiss this claim.

**AFFIRMED IN PART; DISMISSED IN PART.**